**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **STEPHANIE WOOTEN,** | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-00063** |
| vs. | § | |
| | § | |
| **AMERICAN STRATEGIC** | § | |
| **INSURANCE CORPORATION,** | § | |
| *Defendant* | § | |

### AMERICAN STRATEGIC INSURANCE CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION ("ASI" and/or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in its "fiduciary" capacity[2] as the "fiscal agent of the United States"[3] at the expense of the United States Treasury,[4] for the purpose of responding to the Plaintiff's Complaint (the "Complaint") and asserting Affirmative Defenses thereto, to wit:

#### Jurisdiction and Venue

1.      The allegations contained in paragraph 1 of the Plaintiff's Complaint are admitted in part and denied in part. The allegations are admitted to the extent that they establish federal jurisdiction over this lawsuit.  Answering further, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, as well as supplemental jurisdiction over all other claims that are not

---

[1] *See* 42 U.S.C. § 4001, *et seq.*; *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland*, 143 F.3d at 953.
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

subject to federal jurisdiction pursuant to 28 U.S.C. § 1367. All remaining allegations in paragraph 1 of the Complaint not specifically admitted herein are denied as written, as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

2.     The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it acted at all times pertinent hereto in its capacity as a WYO Program carrier, and that, in this capacity, it issued the Dwelling Form Standard Flood Insurance Policy ("SFIP") at issue, Policy No. FLD260394, to Plaintiff for the property located at 420 Old Orchard Boulevard, Dickinson, Texas 77539 (the subject "Property"), which was in effect for the term of July 29, 2017 to July 29, 2018.  Answering further, Defendant avers that the SFIP at issue, which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. All remaining allegations in paragraph 2 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

3.     The allegations contained in paragraph 3 of the Plaintiff's Complaint are admitted. Answering further, this Court also has jurisdiction over this matter pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1337, as well as supplemental jurisdiction over all other claims not subject to federal jurisdiction pursuant to 28 U.S.C. § 1367.

4.     The allegations contained in paragraph 4 of the Plaintiff's Complaint are admitted.

**Parties**

5.     The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted upon information and belief.

6.     The allegations contained in paragraph 6 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it acted at all times pertinent hereto in its capacity as a WYO Program carrier and, in that capacity, issued the Dwelling Form SFIP at issue, Policy No. FLD260394, to Plaintiff for the subject Property, which policy was in effect for the term of July 29, 2017 to July 29, 2018.  Answering further, Defendant avers that the SFIP at issue—which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1)—is self-evident of its coverages, terms, conditions, limitations and exclusions, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*.  All remaining allegations in paragraph 6 of the Complaint which are not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

### Background Facts

7.     The allegations contained in paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part.  Defendant admits that in its capacity as a WYO program carrier, it issued the SFIP at issue, Policy No. FLD260394, to Plaintiff for the subject Property, which was in effect for the term of July 29, 2017 to July 29, 2018, having policy limits of $250,000 for building coverage (under "Coverage A") and $100,000 for contents coverage (under "Coverage B"), each subject to a $1,250 deductible. Plaintiff's "Exhibit 1" speaks for itself.  Answering further, Defendant avers that the SFIP at issue—which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1)—is self-evident of its coverages, terms, conditions, limitations and exclusions, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*.  All remaining allegations in paragraph 7 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

8.      The allegations contained in paragraph 8 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that, in its capacity as a WYO flood program insurance carrier, it issued SFIP No. FLD260394 to Plaintiff for the subject Property, which policy was in effect for the term of July 29, 2017 to July 29, 2018, having policy limits of $250,000 for building coverage (under "Coverage A") and $100,000 for contents coverage (under "Coverage B"), each subject to a $1,250 deductible.  Answering further, Defendant avers that the SFIP at issue—which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1)—is self-evident of its coverages, terms, conditions, limitations and exclusions, all of which is incorporated and pleaded fully herein by reference as if copied herein *in extenso*.  All remaining allegations in paragraph 8 of the Complaint which are not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

9.      The allegations contained in paragraph 9 of the Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Plaintiff's Property was flooded during Hurricane Harvey, the scope, the extent, and the SFIP-coverage of which is all disputed. All remaining allegations in in paragraph 9 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

10.      The allegations contained in paragraph 10 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff's Property sustained some damage due to the flooding associated with Hurricane Harvey, the scope, the extent, the SFIP-coverage, and the cause of which are all disputed. All remaining allegations in paragraph 10 of the Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a

belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

11.     The allegations contained in paragraph 11 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff notified Defendant of her intent to file a flood claim.  All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

12.     The allegations contained in paragraph 12 of the Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Defendant arranged for an independent adjuster to inspect the Plaintiff's Property and assist with the presentation of her flood loss claim. All remaining allegations in paragraph 12 of the Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

13.     The allegations contained in paragraph 13 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that Plaintiff made a flood claim for damages allegedly caused by flooding associated with Hurricane Harvey to the subject Property, and that, as a matter of courtesy only, Defendant assigned the claim to an independent adjuster to assist Plaintiff with the presentation of her flood claim. Defendant further admits that, after reviewing and verifying the independent adjuster's recommendations regarding the scope of the loss and the payment for covered items pursuant to 44 C.F.R. § 62.23(i)(2), it issued payment(s) to Plaintiff totaling $286,093.72 for all covered and payable damages, pursuant to the terms and conditions set forth in the Plaintiff's SFIP, and in accordance with all applicable NFIP rules and regulations and guidance from FEMA.  Answering further, the SFIP, which is itself a codified federal regulation

found at 44 C.F.R. Part 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*.  All remaining allegations in paragraph 13 of the Complaint are denied; and further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

14.     The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

15.     The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

16.     The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied to the extent they allege that the independent adjuster's Proof of Loss and/or the Defendant's payments were deficient or failed to adequately compensate Plaintiff for all covered losses. All remaining allegations contained in paragraph 16 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

17.     The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

18.     The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

19.     The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

20.     The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied. Answering further, these allegations are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

21.     The allegations contained in paragraph 21 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that Plaintiff made a flood claim for damages allegedly caused by flooding associated with Hurricane Harvey to the subject Property, and that, as a matter of courtesy only, Defendant assigned the claim to an independent adjuster to assist Plaintiff with the presentation of her flood loss claim. Defendant further admits that, after reviewing and verifying the independent adjuster's recommendations regarding the scope of the loss and the payment for covered items pursuant to 44 C.F.R. § 62.23(i)(2), it issued payment(s) to Plaintiff totaling $286,093.72 for all covered and payable damages pursuant to the terms and conditions set forth in Plaintiff's SFIP, and in accordance with all applicable NFIP rules and regulations and guidance from FEMA. Answering further, Defendant avers that the SFIP at issue—which is itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1)—is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein, all of which is incorporated and pleaded fully herein by reference as if copied herein *in extenso*, and further, that Plaintiff was obligated to comply with all provisions of the SFIP prior to filing suit, including, but not limited to, the "Loss Settlement" clause found at SFIP Article VII(V). All remaining allegations contained in paragraph 21 of the Complaint which are not specifically admitted herein

are denied; and further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

22.      The allegations contained in paragraph 22 of the Plaintiff's Complaint are denied. Answering further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

23.      The allegations contained in paragraph 23 of the Plaintiff's Complaint are denied. Answering further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

24.      The allegations contained in paragraph 24 of the Plaintiff's Complaint are denied. Answering further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**The WYO Company's Duties**

25.      The allegations contained in paragraph 25 of the Plaintiff's Complaint are a paraphrase of the "Financial Assistance/Subsidy Arrangement" with FEMA (the "Arrangement"), as is found online at https://www.fema.gov/media-library/assets/documents/17972, which, to the extent it is accurate, is admitted.  All remaining allegations contained in paragraph 25 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  Answering further, Defendant avers that it has not received any notice from FEMA suggesting that this case or the Plaintiff's claim falls outside the scope of the aforesaid Arrangement.

26.      The allegations contained in paragraph 26 of the Plaintiff's Complaint are a paraphrase of the underlying "Arrangement" noted *supra*, which, to the extent it is accurate, is admitted.  Otherwise, all remaining allegations contained in paragraph 26 of the Complaint not

specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Answering further, Defendant avers that it has not received any notice from FEMA suggesting that this case or the Plaintiff's claim falls outside the scope of the aforesaid Arrangement.

27.     The allegations contained in paragraph 27 of the Plaintiff's Complaint are a paraphrase of the underlying "Arrangement" noted *supra*, which, to the extent it is accurate, is admitted.  Otherwise, all remaining allegations contained in paragraph 27 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  Answering further, Defendant avers that it has not received any notice from FEMA suggesting that this case or the Plaintiff's claim falls outside the scope of the aforesaid Arrangement.

28.     The allegations contained in paragraph 28 of the Complaint are a paraphrase of a statement of law, which, to the extent it is accurate, is admitted. Otherwise, all remaining allegations contained in paragraph 28 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

29.     The allegations contained in paragraph 29 of the Plaintiff's Complaint are a paraphrase of a statement of law, which, to the extent it is accurate, is admitted.  In further answer, Defendant avers that the SFIP, which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions, the entirety of which is incorporated and pleaded fully herein by reference as if copied herein *in extenso*. Otherwise, all remaining allegations contained in paragraph 29 of the Plaintiff's Complaint not specifically admitted herein are denied; and further, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

30.     The allegations contained in paragraph 30 of the Complaint are a paraphrase of a statement of law, which, to the extent it is accurate, is admitted. Otherwise, all remaining allegations contained in paragraph 30 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

31.     The allegations contained in paragraph 31 of the Plaintiff's Complaint are denied. In further answer, Defendant avers that all state-law based extra-contractual and tort claims arising out of the handling of a flood loss claim under the SFIP and/or the administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no such right of action exists.

32.     The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied. In further answer, Defendant avers that all state-law based extra-contractual and tort claims arising out of the handling of a flood loss claim under the SFIP and/or the administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no such right of action exists.

33.     The allegations contained in paragraph 33 of the Plaintiff's Complaint are denied. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

**Breach of Contract**

34.     Defendant hereby re-alleges and incorporates its answers and defenses asserted in paragraphs 1-33, *supra*, as if copied and set forth herein *in extenso*.

35.     The allegations contained in paragraph 35 of the Plaintiff's Complaint are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

36.     The allegations contained in paragraph 36 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it acted at all times pertinent hereto in its capacity as a WYO flood program insurance carrier and, in that capacity, issued the SFIP at issue, Policy No. FLD260394, to Plaintiff for the subject Property, which was in effect for the term of July 29, 2017 to July 29, 2018, having policy limits of $250,000 for building coverage (under "Coverage A") and $100,000 for contents coverage (under "Coverage B"), each subject to a $1,250 deductible.  Answering further, Defendant avers that the SFIP at issue—which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1)—is self-evident of its coverages, terms, conditions, limitations and exclusions, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*.  All remaining allegations in paragraph 36 of the Complaint which are not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

37.     The allegations contained in paragraph 37 of the Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that the SFIP at issue, which is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*.  All remaining allegations in paragraph 37 of the Complaint which are not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

38.     The allegations contained in paragraph 38 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff's Property sustained some damage due to the flooding associated with Hurricane Harvey, the scope, the extent, the SFIP-coverage, and the cause of which are all disputed. All remaining allegations contained in paragraph 38 of the Plaintiff's Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

39.     The allegations contained in paragraph 39 of the Plaintiff's Complaint are denied. Answering further, the allegations contained in paragraph 39 of the Complaint are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

40.     The allegations contained in paragraph 40 of the Plaintiff's Complaint are denied. Answering further, the allegations contained in paragraph 40 of the Complaint are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

41.     The allegations contained in paragraph 41 of the Plaintiff's Complaint are denied. Answering further, the allegations contained in paragraph 41 of the Complaint are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

42.     The allegations contained in paragraph 42 of the Plaintiff's Complaint are denied. In further answer, the allegations contained in paragraph 42 of the Complaint are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

## Prayer for Relief

The allegations contained in the final, "Prayer for Relief" paragraph of the Plaintiff's Complaint are denied.  In further answer, said allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. And in further answer, all

state-law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

**AND NOW, IN FURTHER ANSWER, COMES** Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION ("Defendant" and/or "ASI"), which submits the following Affirmative Defenses to the Plaintiff's Complaint:

## NO CAUSE OF ACTION

The Plaintiff's Complaint fails to state any claims upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiff seeks any recovery from Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Defendant, to the insured, and vice versa, are provided in the insuring agreement of the SFIP.  44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the insured has no cause to complain of the strictures of the NFIP, for she agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## CHARGED WITH KNOWLEDGE AND NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiff is charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiff is charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. *Heckler*, 467 U.S. at 63. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8); *see also Heckler*, 467 U.S. at 63; *Richmond Printing LLC v. Dir., FEMA*, 72 F.App'x 92, 97-98 (5th Cir. 2003); *Worthen v. Galveston Ins. Assocs.*, No. Civ.A. H-02-4795, 2010 WL 3816044, *2 (S.D.Tex. 2000); *Ellis v. Allstate Ins. Co.*, No. Civ.A. H-02-4795, 2005 WL 1155060, *6 (S.D.Tex. 2005).

## DUTIES OF THE INSURED

The insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP

at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## FISCAL AGENT STATUS

By statute, Defendant is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019.  Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## DEFINITIONS

Defendant pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Flood, You, Your, Valued Policy, etc. Defendant further avers that said definitions must be strictly construed, interpreted and enforced.

## LIMITATIONS OF COVERAGES

Defendant avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP.

## STRICT CONSTRUCTION AND INTERPRETATION

Defendant pleads that, as all claims under the SFIP are made with U.S. Treasury funds out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution.  *See* 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and

provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.  *Grissom*, 678 F.3d. 397.

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the insured is seeking under the policy, the insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements.  *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

## DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiff failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in this lawsuit. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress.  Additionally, the

16

insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

## WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements.  *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D), which are pled herein as though contained *in extenso*.  Defendant affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.  The Federal Insurance Administrator ("FIA") is the sole authority.  The only evidence of any such waiver specific to the captioned matter of which Defendant is aware is for an extension of time to file a valid Proof of Loss, said waiver having expired one year from the date of loss pursuant to FEMA Bulletin W-17030.  Defendant is not aware of any waiver specific to the Plaintiff in the captioned matter.

## TIME LIMITATIONS

In the event Plaintiff's lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Defendant to the insured then Plaintiff's suit is time barred.  *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Defendant to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Defendant in this case. Defendant avers that the Plaintiff has not been damaged as a result of any alleged action or inaction on the part of Defendant.

## MITIGATION

If any of the insured's damages are a result of a failure by the insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C §§ 1011-15), Defendant asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Defendant has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an insured under an SFIP.  In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense.  In the event of any recovery by the insured, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other

entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiff can establish that she has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## CLAIMS ADJUSTMENTS

Defendant pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement," WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the

payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government. *See* 44 C.F.R. § 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY COVERED

Defendant asserts as an affirmative defense the provisions of ARTICLE III-PROPERTY COVERED which includes those specific items of property for which coverage is provided and/or restricted under the SFIP, even if the damages thereto were caused directly by or from flooding.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense the provisions of ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP, even if the damages thereto were caused directly by or from flooding.

## EXCLUSIONS

Defendant asserts as an affirmative defense all of the policy and coverage exclusions contained in Article V of the SFIP (entitled, "EXCLUSIONS"), including, but not limited to, the "earth movement," water, moisture, mildew, and mold damage exclusions.

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT.

## LIMITS OF COVERAGE B HAVE BEEN PAID

Defendant avers as an affirmative defense that the Contents Limits have already been paid in full under the terms and coverage limits of Plaintiff's SFIP.

## PRIOR LOSS

To the extent it is determined that Plaintiff's property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiff to present proof that the prior loss was remediated and that additional payments are not duplicative. *See* SFIP Article VII(K) in this regard.

## APPRAISAL CLAUSE

If this Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event), Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

## AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

## BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiff's claims may be barred or reduced in part by the comparative negligence of the Plaintiff or third parties that contributed to the Plaintiff's negligence.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  Pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), it is Plaintiff's burden to establish that she strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit. Defendant specifically asserts that Plaintiff failed to submit a valid, timely, and properly signed and sworn Proof of Loss supported by proper and sufficient documentation of covered and payable damages caused directly by or from flood, as is necessary to support her claim for additional U.S. Treasury funds.

## RE-INSPECTION OF PROPERTY

Defendant asserts that it has not been given the opportunity to re-inspect the insured property pursuant to the Plaintiff's request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2).  *See* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

## OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

## OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

## ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

## FEMA FLOOD INSURANCE MANUAL

Defendant asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiff's SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. *See* https://www.fema.gov/flood-insurance-manual.

### THE ARRANGEMENT

Defendant, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

### FEMA BULLETINS

Per the "Arrangement" (at Arts. I(5) and (6), II(A)(2) and (G)), Defendant shall abide by written guidance published by FEMA.

### THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

### FEMA ADJUSTER CLAIMS MANUAL

Defendant asserts that the FEMA Adjuster Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiff's SFIP. *See* https://www.fema.gov/media-library/assets/documents/169284.

### DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiff's Complaint that have not been specifically admitted are hereby denied.

### RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiff's Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

### PRAYER

WHEREFORE, Defendant, AMERICAN STRATEGIC INSURANCE CORPORATION, respectfully prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that, after all

due proceedings are had, there be judgment herein dismissing all claims of Plaintiff against

Defendant with prejudice, and at Plaintiff's costs.

Dated: April 11, 2019.

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Claude F. Reynaud III*
Claude F. Reynaud III
USDC SDTX #3335333
Louisiana State Bar #31534
Deani Beard Milano
USDC SDTX #365623
Louisiana State Bar #24358
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: creynaud@nt-lawfirm.com
Email: dmilano@nt-lawfirm.com

*and*

**BAKER & HOSTETLER, LLP**

Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com

**COUNSEL FOR DEFENDANT, AMERICAN
STRATEGIC INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via the CM/ECF System on this 11th day of April, 2019.

Rajan Pandit
Phillip N. Sanov
John D. Carter
Pandit Law Firm, LLC
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056

**Counsel for Plaintiff**

*/s/ Claude F. Reynaud III*
Claude F. Reynaud III