IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **STEPHANIE WOOTEN,** | § | |
| *Plaintiff* | § § § | **CIVIL ACTION NO. 3:19-cv-00063** |
| vs. | § § | |
| **AMERICAN STRATEGIC INSURANCE CORPORATION,** | § § § | |
| *Defendant* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COME NOW, the Plaintiff, Stephanie Wooten ("Plaintiff") and Defendant AMERICAN STRATEGIC INSURANCE CORPORATION ("ASI" and/or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended (42 U.S.C. § 4001 *et seq*.), and appearing in its "fiduciary" capacity as the "fiscal agent of the United States" (*see* 44 C.F.R. § 62.23(f); 42 U.S.C. §4071(a)(1)), for the purpose of jointly submitting this Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure, and in support thereof, respectfully represent to the Court as follows:

**1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel held the meeting required by Rule 26(f) via telephone on May 2, 2019 and continued via various telephonic and email exchanges, by which the instant Joint Discovery/Case Management Plan was agreed. The following counsel participated in said conference:

Henry Roth participated on behalf of the Plaintiff, Stephanie Wooten.

Claude F. Reynaud III participated on behalf of Defendant, ASI.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None; there are no cases related to this one that are pending in any state or federal court.

3. **Briefly describe what this case is about.**

This is a breach of contract action by Plaintiff, Stephanie Wooten, for additional sums alleged to be due and owed under a Standard Flood Insurance Policy ("SFIP") (44 C.F.R. Pt. 61, Appx. A(1)), Policy No. 0FLD260394, having coverage limits of $250,0000 for building coverage and $100,000 for contents coverage, as issued by Defendant, ASI, in its capacity as a Write-Your-Own ("WYO") NFIP carrier pursuant to the NFIA.

On or about August 27, 2017, Hurricane Harvey caused flood damages to the Plaintiff's dwelling. Plaintiff alleges that her home and personal property sustained flood damages for which items were omitted and/or underpaid in the original adjuster's estimate. Defendant maintains that all covered and payable flood damages were paid by Defendant. These damages are the basis of the present lawsuit.

4. **Specify the allegation of federal jurisdiction.**

This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the interpretation of the Standard Flood Insurance Policy ("SFIP"), a federal regulation, creates numerous, substantial federal questions.

5. **Identify the parties who disagree and the reasons.**

The Parties agree to the jurisdiction of this Court.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None; there are no anticipated additional parties that should be included.

7. **List anticipated interventions.**

   None; there are no anticipated interventions.

8. **Describe class-action or collective-action issues.**

   None; there are no class-action or collective-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not yet made their initial disclosures.

   The parties propose that a Rule 16 Scheduling Order be issued in accordance with the Federal Rules of Civil Procedure, and that there be an exchange of initial disclosures as required by Rule 26(a) within 14 days of the entry of this Court's Order. In the event this Court should ultimately enter an Order adopting the Initial Discovery Protocols for First-Party Insurance Property Damage Cases Arising From Disasters (the "Disaster Protocols"), as has previously been suggested by this Court, then the parties agree to, and will exchange their initial disclosures pursuant to, and within the time frames prescribed by, said Disaster Protocols. In any event, Defendant is open and willing to review and consider all information and documentation produced by the Plaintiff to determine if additional U.S. Treasury funds are due and owing pursuant to the terms and conditions of Plaintiff's SFIP, the applicable NFIP rules and regulations and FEMA guidance.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       The parties have no substantive issues on the matters raised in Rule 26(f) at this time. The parties believe that discovery can be completed within roughly ten (10) months of the scheduled Rule 16 conference, or by March 20, 2020.

**B.      When and to whom the Plaintiff anticipates it may send interrogatories.**

Plaintiff will propound Interrogatories and Requests for Production to Defendant within 14 days of receiving Defendant's Rule 26 Disclosures.

**C.      When and to whom the defendant anticipates it may send interrogatories.**

If Plaintiff fails to produce sufficient documentation to support her claims for additional U.S. Treasury dollars with her Rule 26 initial disclosures, then Defendant anticipates sending interrogatories, requests for production, and, possibly, requests for admissions to Plaintiff.

**D.      Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of Defendant's corporate representative, the independent adjuster who inspected the property, and a corporate representative of the adjusting company responsible for preparing Plaintiff's original estimate. In addition, should the Defendant retain any experts, such as an engineer or contractor, Plaintiff anticipates taking those depositions.

**E.      Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking depositions of persons with relevant knowledge of the facts and circumstances of the incident in question, including Plaintiff, and any and all contractor(s) or other expert(s) the parties intend to call at trial. Defendant proposes a discovery deadline of March 20, 2020.

    **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        i.    PLAINTIFF'S RESPONSE:

Plaintiff shall designate experts and provide the reports within 120 days of the entry of this Court's Order.

        ii.    DEFENDANT'S RESPONSE:

Defendant will designate and issue experts and expert reports 30 days from the date of Plaintiff's designation, if necessary.

    **G.**    **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing the Defendant's designated experts by the close of discovery.

    **H.**    **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking depositions of any and all contractor(s) or other expert(s) the Plaintiff identifies and/or intends to call at trial. Defendant proposes a discovery deadline of March 20, 2020.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

PLAINTIFF'S RESPONSE:

Plaintiff will conduct discovery in compliance with the Federal Rules of Civil Procedure, and in the event this Court should adopt the Disaster Protocols, then Plaintiff will abide by the same.

DEFENDANT'S RESPONSE:

Defendant will conduct discovery pursuant to the Federal Rules of Civil Procedure as necessary to ensure compliance with federal law, including, but not limited to, being in a position to review and verify the Plaintiff's claim consistent with 44 C.F.R. 62.23(i)(2). Otherwise, and in any event, Defendant remains open and willing to review and consider all information and documentation produced by the Plaintiff to determine if additional U.S. Treasury funds are due and owing pursuant to the terms and conditions of the Plaintiff's SFIP, the applicable NFIP rules and regulations and FEMA guidance.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

PLAINTIFF'S RESPONSE:

Plaintiff anticipates sending Notices of Records Deposition and subpoenas to the independent adjuster who inspected Plaintiff's property, and to the adjusting company within 14 days of receiving the Defendant's Rule 26 Disclosures.

DEFENDANT'S RESPONSE:

There is no discovery beyond initial disclosures that have been undertaken to date.

**13.    State the date the planned discovery can reasonably be completed.**

The parties agree that discovery can reasonably be completed by March 20, 2020.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree to conduct voluntary settlement negotiations following completion of preliminary factual discovery, including the possibility of participating in mediation and/or a settlement conference before the Magistrate Judge.

**15.     From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

PLAINTIFF'S RESPONSE:

Plaintiff believes that early resolution is very possible provided the Defendant fully rewrites the original substandard adjuster's report incorporating proper pricing guidelines, incorporating documents provided during initial disclosures, and addressing omitted and underpriced flood damaged items.  The parties can then make good faith settlement demands and offers supported by each party's full and complete rewritten adjustment.  Plaintiff is amendable to informal settlement negotiations, magistrate settlement conferences, or formal mediation, provided that the Defendant agrees to provide supporting fully rewritten estimates in support of its position.

DEFENDANT'S RESPONSE:

Defendant is open and willing to review and consider all information and documentation produced by Plaintiff during the course of discovery to determine if additional U.S. Treasury funds are owed pursuant to the terms and conditions of the Plaintiff's SFIP, the applicable NFIP rules and regulations, and FEMA guidance. In addition, Defendant is open to mediation and/or a settlement conference once sufficient discovery is completed, including the opportunity to inspect the subject property.

**16.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

PLAINTIFF'S RESPONSE:

Plaintiff consents to trial by Magistrate Judge.

DEFENDANT'S RESPONSE:

Defendant does not agree to trial by Magistrate Judge at this time.

**17.** **State whether a jury demand has been made and if it was made on time.**

No jury demand has been made or will be made. Further, Defendant avers that Plaintiff is not entitled to a jury trial for claims made under the SFIP and against a federal fiscal intermediary. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397 (5th Cir. 2012).

**18.** **Specify the number of hours it will take to present the evidence in this case.**

The evidence in this case should be completed in 48 hours.

**19.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None; there are no motions pending at this time.

**20.** **List other pending motions.**

There are no motions pending at this time.

**21.** **List issues or matters, including discovery, that should be addressed at the conference.**

None at this time.

**22.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Both parties have filed their respective Certificates of Interested Parties as directed by the Court. Defendant filed its Certificate of Interested Parties on February 28, 2019, and Plaintiff filed her Certificate of Interested Parties on March 6, 2019.

**23.** **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

   1. Counsel for Plaintiff, Stephanie Wooten
      Phillip N. Sanov, Tx. Bar No. 17635950
      John D. Carter, La. Bar No. 24334, Fed. ID 1058771
      Rajan Pandit, La Bar No. 32215, Fed. ID 1070660
      Pandit Law Firm, LLC
      One Galleria Tower
      2700 Post Oak Blvd., 21st Floor
      Houston, TX  77056
      Tel: (800) 615-3046

       Fax: (504) 313-3820
       Email: psanov@panditlaw.com
             JCarter@panditlaw.com
             raj@panditlaw.com

2.   Counsel for Defendant, American Strategic Insurance Corporation
     Bradley K. Jones
     State Bar No. 24060041
     BAKER & HOSTETLER, LLP
     811 Main St., Suite 1100
     Houston, Texas 77002
     P: (713) 751-1600; F: (713) 751-1717
     Email: bkjones@bakerlaw.com

3.   Counsel for Defendant, American Strategic Insurance Corporation
     Claude F. Reynaud III
     NIELSEN & TREAS, LLC
     3838 North Causeway Blvd., Suite 2850
     Metairie, LA 70002
     P: (504) 837-2500; Fax: (504) 832-9165
     Email: creynaud@nct-law.com

4.   Counsel for Defendant, American Strategic Insurance Corporation
     Deani Beard Milano
     NIELSEN & TREAS, LLC
     3838 North Causeway Blvd., Suite 2850
     Metairie, LA 70002
     P: (504) 837-2500; Fax: (504) 832-9165
     Email: dmilano@nct-law.com

Dated: May 3, 2019

                              Respectfully submitted,

                              **NIELSEN & TREAS, LLC**

                              */s/ Claude F. Reynaud III*
                              Claude F. Reynaud III
                              USDC SDTX #3335333
                              Louisiana State Bar #31534
                              Deani Beard Milano
                              USDC SDTX #365623
                              Louisiana State Bar #24358
                              3838 N. Causeway Boulevard, Suite 2850
                              Metairie, Louisiana 70002
                              Telephone: (504) 837-2500
                              Facsimile: (504) 832-9165
                              Email: dmilano@nt-lawfirm.com

Email: creynaud@ntlawfirm.com

*and*

**BAKER & HOSTETLER, LLP**

*/s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: ddarche@bakerlaw.com
bkjones@bakerlaw.com

**COUNSEL FOR DEFENDANT, AMERICAN STRATEGIC INSURANCE CORPORATION**

**AND**

**PANDIT LAW FIRM, LLC**

By:      */s/ Phillip N. Sanov*
         Phillip N. Sanov Tx. Bar No. 17635950
         Rajan Pandit La. Bar No. 32215
                    Fed. ID 1070660
         John D. Carter La. Bar No. 24334
                    Fed ID 1058771
         One Galleria Tower
         2700 Oak Post Blvd., 21st Floor
         Houston, TX  77056
         Telephone: (800) 615-3046
         Facsimile: (504) 313-3820
         psanov@panditlaw.com

**COUNSEL FOR PLAINTIFF, STEPHANIE WOOTEN**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing:

*/s/ Claude F. Reynaud III*
Claude F. Reynaud III